## Smith v. Wawa Dairy Farms, Inc.

*Lutz, Fronefield, Warner & Bryant,* for plaintiff.
*William H. Turner,* for defendants.
*Max W. Gibbs,* for additional defendants.

SWENEY, P. J., November 29, 1955.—This is a motion for judgment n. o. v. filed by defendants to construe a release given under the Uniform Contribution Among Tortfeasors Act.

In 1953, plaintiff, Marjorie Smith, suffered personal injuries when the vehicle in which she was a passenger was struck by a tractor trailer of additional defendant, Leaman Transportation Corporation, hereinafter called Leaman, after its collision with a milk delivery truck of defendant, Wawa Dairy Farms, Inc., hereinafter called Wawa. Plaintiff, in consideration of the payment to her by Leaman of the sum of $1,250 on March 11, 1954, executed a release, the effect of which is the sole issue now before the court.

On October 13, 1954, plaintiff filed a complaint in trespass against defendants, Wawa, and its agent, who in turn filed a complaint to join Leaman and its agent as additional defendants. Additional defendants filed an answer to defendants' complaint, pleading a release under new matter. Defendants then filed preliminary objections in the nature of a demurrer to the new matter. At a pretrial conference, held before Toal, J., it was agreed that the preliminary objections of defendants would be withdrawn and that the case would proceed, as if there had not been a settlement between plaintiff and additional defendants; any question of the liability to pay a verdict was to be determined after verdict. At the trial, the jury returned a verdict in favor of plaintiff in the sum of $2,872 against both defendants and additional defendants.

The release executed by plaintiff is the usual form of release reciting a consideration of $1,250, releasing Leaman and its driver from all claims. The last paragraph of the release reads as follows:

"IT IS FURTHER UNDERSTOOD AND AGREED THAT the total claim of *Marjorie E. Smith* against all parties who may be liable therefor is hereby reduced to the extent of the pro rata share of *One Thousand Two Hundred Fifty and no/100ths*."

It is unfortunate that in the last paragraph of the release the words "Leaman Transportation Corp." were not typed in rather than the words "One Thousand Two Hundred Fifty and no/100ths" which were inserted in this blank. Such wording would make the release conform to the terms of the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082-2089.

Under the definition of this act, defendants and additional defendants are "joint tortfeasors." Section 4 of the act, 12 PS §2085 provides as follows:

"A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid."

In support of the motion for judgment n. o. v., defendant urges that the release fails to conform to the requirements of section 5 of said Act of 1951 and, therefore, additional defendants can be compelled to contribute their pro rata share of the amount of the verdict which plaintiff is entitled to collect from defendants. Section 5 of the said act, 12 PS §2086, reads as follows:

"A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another tortfeasor, unless the release is given before the right of the other tortfeasor to secure a money judgement for contribution has accrued and provides for a reduction to the extent of the pro rata share of the released tortfeasor of the injured person's damages recoverable against all the other tortfeasors."

There is no question that this release was given before the right of defendant, Wawa, to secure a money judgment for contribution accrued. It is also clear that the release attempted to provide for a reduction to the extent of the pro rata share but the words "one thousand two hundred fifty and no/100ths" were inserted instead of "Leaman Transportation Corporation." It becomes necessary, therefore, to interpret this release in the light of the intention of the parties.

In contract interpretation, it is the intent of the parties which must govern. The law is stated in Silverstein v. Hornick, 376 Pa. 536 at page 540 as follows:

" ' "The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if it can be done consistently with legal principles." . . . "Contracts must receive a reasonable interpretation, according to the intention of the parties . . . if that intention can be ascertained from their language" . . . "in order to ascertain that intention, the court may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject-matter of the agreement" '; Betterman v. American Stores Co., 367 Pa. 193, 203, 204, 80 A. 2d 66."

It is clear that plaintiff had a claim against Leaman and Wawa. Plaintiff and additional defendant having mutually agreed on a settlement figure of $1,250 for the claim against Leaman, they desired to effect a

binding settlement. Under the Act of 1951 the parties were now able to reduce their settlement to writing without plaintiff jeopardizing her rights against the other tortfeasor. For its part, Leaman desired a release from plaintiff of all further claims arising out of this accident. To conclude the settlement, a release was prepared on a form applicable to the Uniform Contribution Among Tortfeasors Act.

To hold, as plaintiff contends, that the last paragraph of the release was intended as a release in the fixed amount of $1,250 is thoroughly inconsistent with the use of the words "pro rata share". The "pro rata share of One Thousand Two Hundred Fifty and no/-100ths" is meaningless. Effect must be given to the language employed. If this was not intended as a release under the Act of 1951, Leaman was doing nothing more than making a down payment as a convenience to plaintiff of whatever amount the corporation might ultimately have to pay. This could not be the intent of the parties. When plaintiff executed this release, she was no longer looking to Leaman because, when she filed suit seven months later, she commenced her action against Wawa and its agent only.

The jury found in favor of plaintiff and against defendants and additional defendants for $2,872. Both defendants and additional defendants are called upon to contribute equally or $1,436 each; Leaman has already paid $1,250 in full settlement and cannot be required to pay more; Wawa is required to pay $1,436 and cannot require Leaman to contribute.

In the circumstances, we will reduce plaintiff's verdict to $2,686, thereby requiring Wawa to pay $1,436 and expecting no further payment or contribution from Leaman.

### Decree

And now, November 29, 1955, it is ordered and decreed that the verdict of plaintiff is reduced to the sum

of $2,686; judgment is hereby entered in favor of plaintiff and against defendant, Wawa Dairy Farms, Inc., in the sum of $1,436; judgment is hereby entered in favor of plaintiff and against additional defendant, Leaman Transportation Corporation in the sum of $1,250, which said judgment shall be satisfied by plaintiff since she has already received this sum and has executed her release therefor; that defendant's motion for judgment non obstante veredicto is hereby dismissed and an exception is noted to this action in favor of plaintiff and defendant.